IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| REIDIE JACKSON | § | |
| VS. | § | CIVIL ACTION NO. 5:21cv149 |
| DIRECTOR, TDCJ-CID | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Reidie Jackson, an inmate confined at the Michael Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Factual Allegatons

In 2003, petitioner was convicted of aggravated robbery in the 130th District Court of Matagorda County, Texas. He was sentenced to 42 years of imprisonment.

Petitioner does not challenge his criminal conviction. Instead, he challenges his conditions of confinement at the Telford Unit. He states the Telford Unit is understaffed and that while the Telford Unit was under a COVID 19 protocol, he was not provided information concerning what the protocol entailed. Petitioner also asserts he has not been given opportunities for recreation and that the inmates have been served cold sack meals. In addition, he states grievances are not being processed.

Petitioner also alleges excessive force was used against him on March 31, 2021. He states he has suffered psychological trauma and has not received proper medical treatment.

Analysis

A petition for writ of habeas corpus is the appropriate means for a prisoner challenging the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Cook v. TDCJ Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). On the other hand, a civil rights action is an appropriate remedy for challenging an inmate's conditions of confinement. *Richardson v. Fleming*, 651 F.2d 366, 372 (5th Cir. 1981). The United States Court of Appeals for the Fifth circuit has adopted a bright-line rule to determine whether a case is properly brought as a civil rights action or a habeas corpus petition. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). If a favorable determination would not automatically entitle the prisoner to an earlier release, the case should be brought as a civil rights action. *Id*. at 820-21.

In this case, petitioner challenges the conditions of his confinement, not the fact or duration of his confinement. A favorable ruling on his claims would not automatically result in petitioner's earlier release from prison. Thus, under the bright-line rule, petitioner's claims are not cognizable in a federal habeas petition. This petition should therefore be dismissed.

However, petitioner's claims, as described above, could provide a basis for a civil rights lawsuit pursuant to 42 U.S.C. § 1983. As petitioner is proceeding *pro se*, he should be given an opportunity to pursue his claim via the appropriate type of lawsuit. As a result, the Clerk should be directed to sever the civil rights aspects of petitioner's claims into a separate lawsuit. The Clerk should also be directed to file the petition and the two amended petitions (doc. nos. 1, 9 and 13) in the new lawsuit. Petitioner could then be given a chance to assert his claims using the proper complaint form and name individuals as defendants. The new lawsuit would be subject to the screening requirements set forth in 28 U.S.C. 1915A, as well as the requirements of 28 U.S.C. §

1915(g).[1]  If the court determined that the defendants should respond to the civil rights claims, an Order to Answer and Scheduling Order would be entered in the new lawsuit.

### Recommendation

This petition for writ of habeas corpus should be dismissed without prejudice.  The civil rights aspects of petitioner's claims should be severed into a separate lawsuit.

### Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report.  28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this the 17th day of October, 2023.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE

---

[1]  The Court notes that Petitioner has previously filed at least three lawsuits or appeals that were dismissed as frivolous, for failure to state a claim or as malicious.  *Jackson v. Pittman*, 847 F. App'x 227 (5th Cir. 2021).