IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| REIDIE JAMES JACKSON | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:21-cv-149 |
| | § | |
| DIRECTOR TDCJ-CID | § | |

## ORDER

Reidie James Jackson, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus. Docket No. 1. The Court referred this matter to the Honorable J. Boone Baxter, United States Magistrate Judge, for consideration pursuant to 28 U.S.C. § 636(b)(1) and (3). The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge ("Report") recommending the petition for writ of habeas corpus be dismissed without prejudice and that the civil rights aspects of Petitioner's claims be severed into a separate lawsuit. Docket No. 29 at 3. Petitioner filed objections to the Report. Docket No. 31. The Court reviews the objected-to portions of the Report *de novo*. Fed. R. Civ. P. 72(b)(2).

Petitioner does not challenge the criminal conviction which resulted in his incarceration, nor does he challenge the duration of his confinement. Instead, he challenges his conditions of confinement at the Telford Unit. The Magistrate Judge concluded that as a favorable termination would not automatically entitle Petitioner to an earlier release from incarceration, his claims could not be pursued in a habeas action. *See generally* Docket No. 29. The Magistrate Judge further concluded that as Petitioner's claims could be pursued in a civil rights action, the civil rights aspects of his claim should be severed into a separate lawsuit. *See id.* at 2.

Petitioner asserts that rather than his petition being filed pursuant to 28 U.S.C. § 2254 as stated in the Report, he has amended his petition to provide that he is seeking relief under 28 U.S.C.

§ 2241(c)(3). *See generally* Docket No. 31. However, whether Petitioner is proceeding under § 2241 or § 2254, he may not pursue his claims in a habeas action. Petitioner complains he was not provided information concerning the COVID protocol at his unit, was not provided opportunities for recreation and was served cold sack meals. He also complains of an excessive use of force and the denial of medical treatment. The Report correctly found a finding in Petitioner's favor would not entitle him to release. *See Preiser v. Rodriguez*, 411 U.S. 475, 493 (1973) (noting that a 42 U.S.C. § 1983 action is the appropriate legal vehicle to attack conditions of confinement); *see also Agnew v. Davis,* No. 2:18-CV-141-D, 2018 U.S. Dist. LEXIS 217834, at *3 (N.D. Tex. 2018) (dismissing petitioner's claims as not cognizable in a federal habeas corpus action because the petition challenged conditions of confinement).

Petitioner's first objection also states he is entitled to relief because of a breach of contract by the State of Texas which he asserts is "pending pretrial" in a court in Potter County, Texas. Docket No. 31 at 3. While this contention is difficult to understand, a finding in Petitioner's favor with respect to this assertion would not entitle him to be released. Similarly, Petitioner's second objection criticizes the Report for its failure to address his allegations that payments for a specific account should result in a forfeiture in his favor. While this contention is also difficult to understand, it appears Petitioner argues he should be compensated for his 21 years of incarceration when his confinement is declared void. *Id.* at 3. This objection, however, is also without merit because it fails to raise any bases that would entitle Petitioner to release or affect the length of his incarceration.

Finally, Petitioner objects to the failure to rule on two of his motions—(1) a motion for appointment of counsel (Docket No. 19) and (2) a motion seeking release while his petition is pending (Docket No. 25). Docket No. 31 at 3. This objection is without merit. The motion for

appointment of counsel (Docket No. 19) has been denied. Docket No. 37. Further, as the current petition is being dismissed, the motion seeking release while the petition is pending (Docket No. 25) is moot. Accordingly, it is

**ORDERED** that Petitioner's motion seeking release while the petition is pending (Docket No. 25) and Petitioner's related motions[1] (Docket Nos. 32, 33) are **DENIED-AS-MOOT**. Similarly, Defendant's motion to compel judgment on his motion to appoint counsel (Docket No. 34) is **DENIED-AS-MOOT**.

The Court has conducted a careful *de novo* review of the portions of the Magistrate Judge's proposed findings and recommendations to which Petitioner objected. *See* 28 U.S.C. § 636(b)(1)(C) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct, and Petitioner's objections are without merit. Accordingly, it is

**ORDERED** that Petitioner's objections (Docket No. 31) are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the Court **ADOPTS** the Report of the Magistrate Judge (Docket No. 29) as the opinion of this Court. A final judgment will be entered in accordance with the Magistrate Judge's recommendation. It is further

**ORDERED** that the civil rights aspects of Petitioner's claims are **SEVERED** into a separate lawsuit under 42 U.S.C. § 1983. Docket Nos. 1, 2, 9, and 13 shall be filed in the new lawsuit.

\*   \*   \*

---

[1] Petitioner has also filed several motions related to this motion for release (Docket Nos. 32, 33) and related to the motion to appoint counsel (Docket No. 34). These motions are moot for the same reasons discussed above.

In addition, Petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. 28 U.S.C. § 2253. The standard for granting a certificate of appealability requires a petitioner to make a substantial showing of the denial of a federal constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not demonstrate he would prevail on the merits. Rather, he must demonstrate (1) that the issues are subject to debate among jurists of reason; (2) that a court could resolve the issues in a different manner or (3) that the questions raised are worthy of encouragement to proceed further. *Slack*, 529 U.S. at 483–84.

Here, Petitioner has not shown that the issue of whether his claims are cognizable in a habeas proceeding is subject to debate among jurists of reason. In addition, he has not shown that the questions presented are worthy of encouragement to proceed further. Petitioner has therefore failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability will not be issued.

**So ORDERED and SIGNED this 6th day of February, 2024.**

*[signature: Robert W. Schroeder III]*

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE